IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PRENTISS FELLS                                                                    PLAINTIFF

v.                                                          CAUSE NO. 1:17-cv-202-LG-RHW

CITY OF GULFPORT, MISSISSIPPI; and
DONALD ISON, AARON FORE, JENNIFER KRUMP,
and JOHN AND JANE DOES 1-10, Individually and
in their Official Capacities                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTIONS TO DISMISS

BEFORE THE COURT are the [3] Motion to Quash and Dismiss filed by Defendant Jennifer Krump, and the [5] Motion to Dismiss or for Summary Judgment filed by Defendants Donald Ison, Aaron Fore, and the City of Gulfport, Mississippi. The plaintiff, who is represented by counsel, has not responded to either motion. After due consideration of the record, arguments and evidence presented by the defendants, it is the Court's opinion that the defendants have shown that dismissal of the plaintiff's claims is proper. Accordingly, the Motions will be granted and the plaintiff's claims dismissed.

BACKGROUND

Plaintiff Fells filed this lawsuit in the Circuit Court of Harrison County, Mississippi, and it was removed to this Court by the City, Ison and Fore. (Notice of Removal, ECF No. 1). A week later, Krump joined in the removal "by way of special appearance only," as she alleged she had not been properly served with process. (Joinder 1, ECF No. 2).

According to his Complaint, Fells was arrested while at his job at Wal-Mart for possession of a controlled substance. (Compl. 3, ECF No. 1-2). The charges were brought after a small white bundle containing cocaine was found on or near a computer keyboard that surveillance video showed Fells had been using. (*Id*. at 4). He was prosecuted and found not guilty after a jury trial. (*Id*. at 3). He brings claims under 42 U.S.C. § 1983 for false detention and arrest, malicious prosecution, and illegal search, and a litany of state law claims: criminal conversion, common law civil conspiracy, slander, libel, defamation, humiliation, and negligent infliction of emotional distress. (*Id*. at 6-7). Although he has sued Ison, Fore, and Krump individually, he does not mention actions or conduct by any of them.[1]

Krump moves for dismissal on the grounds that she was not timely served with process. Ison and Fore move for dismissal or summary judgment on the grounds that they have qualified immunity from the federal claims in their individual capacities. The City asserts that it cannot be liable on the respondeat superior theory that Fells appears to have alleged. Ison, Fore, and the City assert that the state law claims are intentional torts that were filed beyond the one-year statute of limitations.

---

[1] Fells attached the Mississippi Tort Claims Act Notice to his Complaint, but that only identifies Ison, Fore and Krump as employees of the Gulfport Police Department who may have relevant knowledge of the claims. (Compl. Ex. A 4, ECF No. 1-2). The Notice contains no mention of any actions or conduct by Ison, Fore, Krump, or any other individual.

## THE LEGAL STANDARDS

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The plaintiff

has not submitted any argument or evidence in opposition to the defendants' Motion. Nevertheless, the defendants have the burden of establishing the absence of a genuine issue of material fact and, unless they have done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat'l. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

## DISCUSSION

**1.     42 U.S.C. § 1983 and Qualified Immunity**

Title 42 U.S.C. § 1983 imposes liability upon any person who, acting under color of state law, deprives another of federally protected rights. Section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the laws of the United States. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Ison and Fore, in their individual capacities, assert that they are entitled to the defense of qualified immunity. "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (citing *Bazan ex rel. Bazan v. Hidalgo Cty.*, 246

F.3d 481, 489 (5th Cir. 2001)). This burden cannot be discharged by conclusory allegations and assertions. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).

Evaluating a claim of qualified immunity involves two inquiries: (1) whether the plaintiff has alleged a violation of a constitutional right; and (2) whether that right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson*, 129 S. Ct. 808. "[T]o hold that the defendant violated the law at step one of the qualified-immunity analysis . . . is simply to say that the plaintiff has stated a claim upon which relief may be granted." *Morgan v. Swanson*, 659 F.3d 359, 384 (5th Cir. 2011). To meet that burden, a plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015) (internal quotation marks and citation omitted). Each defendant's actions must be evaluated individually, *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007), and "the burden is on the plaintiff to 'demonstrate the inapplicability of the defense.'" *Coleman v. Marion Cty.*, No. 2:14cv185-DPJ-FKB, 2015 WL 5098524, at *6 (S.D. Miss. Aug. 31, 2015) (quoting *McClendon*, 305 F.3d at 323).

As noted above, Fells' Complaint contains no explanation of Ison's or Fore's involvement in the events Fells alleges. Thus, there are no facts from which the Court could determine if Ison or Fore took any unlawful official action.

Additionally, both defendants filed affidavits stating that neither had arrested Fells, nor conducted a search of Fells' person in connection with an arrest. (Ison & Fore Mot. Exs. E, F, ECF Nos. 5-5, 5-6). Fells has failed to meet his burden of demonstrating the inapplicability of the qualified immunity defense. Accordingly, Ison and Fore are entitled to assert qualified immunity from Fells' § 1983 claims, and the claims will be dismissed with prejudice pursuant to Fed. R. Civ. P. 56.

### 2. Section 1983 and the City of Gulfport

Ison and Fore, in their official capacities[2], and the City of Gulfport, move for dismissal of the § 1983 claims for lack of an articulated policy or custom that was the moving force behind the alleged constitutional violations at issue. *See Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Fells did not respond to this argument, which is meritorious. The official-capacity § 1983 claims against Ison and Fore, and § 1983 claims against the City of Gulfport are dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### 3. State Law Claims

Fells asserts a number of state law claims in addition to his federal causes of action, which he lists as criminal conversion[3], common law civil conspiracy, slander,

---

[2] A claim against a municipal employee in his official capacity is a claim against the city itself. *Bellard v. Gautreaux*, 675 F.3d 454, 462 (5th Cir. 2012).

[3] The Court has not found a crime in Mississippi called "conversion," and therefore this claim will be construed as an ordinary tort claim subject to Mississippi's three-year statute of limitations at § 15-1-49. *See Covington Cty. Bank v. Magee*, 177 So. 3d 826, 828 (Miss. 2015).

libel, defamation, humiliation, and negligent infliction of emotional distress. Ison, Fore, and the City of Gulfport contend that most of these torts are time-barred pursuant to the applicable one-year statute of limitations.

Fells' claims of slander, libel, and defamation are expressly subject to the one-year limitation period in Miss. Code Ann. § 15-1-35. Courts have held that the statute also encompasses claims of common law civil conspiracy and humiliation. *Harries v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 840-41 (S.D. Miss. 2011) (citing *McGuffie v. Herrington*, 966 So. 2d 1274, 1278 (Miss. Ct. App. 2007); *Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (Miss. 2010). Also included in this category is Fells' assertion of "negligent" infliction of emotional distress, because it actually asserts intentional behavior by the defendants. *See Meaux v. Mississippi*, No. 1:14cv323-KS-RHW, 2015 WL 3549579, at *5 (S.D. Miss. June 8, 2015).

Fells filed his Complaint on February 13, 2017, and the incident he complains of concluded, at the latest, more than one year earlier – upon his acquittal on August 12, 2015. (*See* Compl. 4, ECF No. 1-2). Therefore, the claims of common law civil conspiracy, slander, libel, defamation, humiliation, and "negligent" infliction of emotional distress are barred by the one-year statute of limitations and will be dismissed with prejudice pursuant to Fed. R. Civ. P. 56.

The remaining tort of conversion is governed by the three-year statute of limitations in Miss. Code Ann. § 15-1-49. *Covington Cty. Bank v. Magee*, 177 So. 3d

826, 828 (Miss. 2015). A conversion claim requires "proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Id*. at 829. Although Fells' conversion claim may not be time-barred, there are no allegations that could be reasonably construed to state such a claim against any Defendant. Accordingly, this claim will be dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

  **4. Claims Against Krump**

Defendant Krump argues that the plaintiff failed to make timely service of process, and therefore the attempt should be quashed and the claims dismissed for lack of personal jurisdiction. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Id.* (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys.*

*Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

The state court record for this case shows that summonses were issued for all Defendants on February 13, 2017, the day the Complaint was filed. (*See* Notice of Removal Ex. A 23-30, ECF No. 1-2) (ECF pagination). The City, Ison, and Fore were served on June 13, 2017, which was the last day for timely service under the Mississippi rules of civil procedure. On the same day, Fells filed a motion for extension of time to serve process on Krump, who was expected to be back at work at the Gulfport Police Department the next week. (*Id*. at 32-33) (ECF pagination). The state court judge did not rule on the motion, and Fells served Krump with process at the Gulfport Police Department about two weeks later, on June 27. (*Id*. at 41) (ECF pagination). There was no further action in the state court until the defendants removed the case on July 13.

It is apparent that Fells has not met his burden in regard to service on Krump. Fells requested additional time from the state court, but did not ensure that the court granted his request. His attempt to serve process on Krump was therefore untimely under Miss. R. Civ. P. 4(h). The Court may not exercise personal jurisdiction over an improperly served defendant, and Fells has not attempted to correct the deficiency identified by Krump, or prove that service was nevertheless valid. Indeed, Fells has not made any appearance in this Court since the case was removed.

Setting aside the timeliness of service, Fells' claims against Krump are subject to the same grounds for dismissal or summary judgment as the claims

against Ison and Fore. Considering the circumstances as a whole, the Court exercises its discretion to dismiss the claims against Krump without prejudice pursuant to Fed. R. Civ. P. 12(b)(5). *See In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835-36 (5th Cir. 2009); *Davis v. Hinds Cty., Miss.*, No. 3:16CV674-DPJ-FKB, 2017 WL 2269010, at *4 (S.D. Miss. May 23, 2017) (when service would be futile, dismissal is appropriate).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [3] Motion to Quash and Dismiss filed by Defendant Jennifer Krump, and the [5] Motion to Dismiss or for Summary Judgment filed by Defendants Donald Ison, Aaron Fore, and the City of Gulfport, Mississippi, are **GRANTED**. Plaintiff's claims against the defendants are dismissed as set out above.

**IT IS FURTHER ORDERED AND ADJUDGED** that the plaintiff may file an amended complaint that cures the pleading deficiencies of any claim the Court herein dismissed without prejudice within fourteen (14) days of the entry of this Memorandum Opinion and Order. Failure to do so will result in final dismissal of the insufficiently pleaded claims.

**SO ORDERED AND ADJUDGED** this the 16th day of September, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE