IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| PRENTISS FELLS | PLAINTIFF |
| v. | CAUSE NO. 1:17CV202-LG-RHW |
| CITY OF GULFPORT, MISSISSIPPI, DONALD ISON, AARON FORE, and JOHN AND JANE DOES 1-10, Individually and in their Official Capacities | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

BEFORE THE COURT is the defendants' [9] Motion to Dismiss or for Summary Judgment. Plaintiff Prentiss Fells has responded, and the defendants have replied. After due consideration of the submissions, it is the Court's opinon that there are no questions of material fact for the jury. The defendants' Motion will be granted and Plaintiff's claims against the named Defendants dismissed pursuant to Fed. R. Civ. P. 56. The claims against the John and Jane Doe Defendants will also be dismissed, because the deadline for naming these parties has expired.

BACKGROUND

Earlier in this case, the Court granted a motion to dismiss Fells's original complaint, in which he alleged he was arrested while at his job at Wal-Mart for possession of a controlled substance. (Compl. 3, ECF No. 1-2). The possession charges against Fells were brought after a small white bundle containing cocaine was found on or near a computer keyboard that surveillance video showed Fells had been using. (*Id*. at 4). He was prosecuted and found not guilty after a jury trial.

(*Id*. at 3). He alleged claims against the City of Gulfport and three police officers under 42 U.S.C. § 1983 for false detention and arrest, malicious prosecution, and illegal search, plus a number of state law claims: criminal conversion, common law civil conspiracy, slander, libel, defamation, humiliation, and negligent infliction of emotional distress. (*Id*. at 6-7). All of the claims were dismissed by the Court's September 16, 2017 [7] Memorandum Opinion and Order. Fells was granted leave to file an amended complaint "that cures the pleading deficiencies of any claim the Court herein dismissed without prejudice within fourteen (14) days of the entry of this Memorandum Opinion and Order." (*See* Mem. Op & Order 10, ECF No. 7).

Fells filed an amended complaint in which he claims he was "falsely detained, arrested, and maliciously prosecuted by the Defendants, pursuant to State cause of action for Malicious Prosecution and Federal claims pursuant Section 1983." (Am. Compl. 9, ECF No. 8). The named Defendants are the City of Gulfport, Mississippi, and Donald Ison and Aaron Fore, in their individual and official capacities.

THE LEGAL STANDARD

The defendants seek dismissal or judgment as a matter of law as to Fells' claims. The parties have submitted materials in connection with the Motion that are not a part of the Amended Complaint. The submission and consideration of evidence extraneous to Plaintiff's complaint "would ordinarily require the Court to convert the motion to dismiss into a motion for summary judgment." *Horne v. Time Warner Operations, Inc.*, 119 F. Supp. 2d 624, 627 n.4 (S.D. Miss. 1999) (citing Fed. R. Civ. P. 12(b)). The Court has considered and referred to the extraneous evidence

-2-

provided. Therefore this Motion will be analyzed under the summary judgment legal standard of Fed. R. Civ. P. 56.

DISCUSSION

**1. 42 U.S.C. § 1983 Claims**

As an initial matter, Fells was not granted leave to amend his § 1983 claims against Ison and Fore in their individual capacities, as those claims were dismissed with prejudice under Fed. R. Civ. P. 56. (*See* Mem. Op. & Order 6, ECF No. 7). To the extent Fells attempts to bring § 1983 claims against Ison and Fore in their individual capacities again, his attempt is without effect.

Next, in order to bring viable § 1983 claims against the City and the officers in their official capacities, Fells must provide evidence of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose moving force is the policy or custom. *Rayborn v. Bossier Par. Sch. Bd.*, 881 F.3d 409, 416-17 (5th Cir. 2018) (quotation marks and citations omitted). The City argues that Fells shows neither an official policy nor a violation of his constitutional rights.

Fells' Amended Complaint alleges that the City has failed to establish a policy or procedure or training for the proper handling and careful viewing of video evidence. (Am. Compl. 10, ECF No. 8). He argues that this is a policy to be negligent – "to not take due care." (Pl. Resp. Mem. 5, ECF No. 12). Negligence is not the standard for a § 1983 claim until it reaches the level of deliberate indifference. Showing deliberate indifference requires showing "a pattern of violations and that the inadequacy of the training is obvious and obviously likely to

result in a constitutional violation." *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (quotation marks and citation omitted). Fells does not provide evidence of any other instances of Gulfport police officers negligently viewing video tape evidence, but relies only on his own experience. This is insufficient to show either a policy or custom or deliberate indifference. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009). Accordingly, the City's summary judgment motion will be granted in regard to the § 1983 claims against the City of Gulfport and the officers in their official capacities.

**2.     State Law Claim of Malicious Prosecution**

The defendants argue that Fells' state-law malicious prosecution claim is barred by the one-year statute of limitations. *See* Miss. Code Ann. § 15-1-35. The cause of action for a malicious prosecution claim accrues and the statute of limitations begins to run when there is a termination of the proceedings in the plaintiff's favor. *Joiner Ins. Agency v. Principal Cas. Ins.*, 684 So. 2d 1242, 1244 (Miss. 1996).

Fells' criminal proceedings were terminated in his favor on August 12, 2015. (Def. Mot. Ex. E, ECF No. 9-5). On August 11, 2016, Fells filed a claim of malicious prosecution in Harrison County Circuit Court against Walmart Stores, Inc., the City of Gulfport, and the Gulfport Police Department based on the same event alleged here. (Am. Compl. Ex. B 3, ECF No. 8-2). The City argues that this 2016 complaint asserting malicious prosecution should be disregarded in determining the timeliness of the lawsuit at issue, because the City was never served with process and Fells

never took any action to prosecute the 2016 case. Instead, Fells filed this second lawsuit on February 13, 2017 – six months later. (Am. Compl. Ex. C, ECF No. 8-3). When the City was served with process in the second lawsuit, it removed the case to this Court.

"Ordinarily, when a complaint is filed and properly served, that complaint tolls the running of the statute of limitations." *Price v. Clark*, 21 So.3d 509, 521 (Miss. 2009) (citing *Owens v. Mai*, 891 So. 2d 220, 223 (Miss.2005)). "We keep in mind that '[w]hile the filing of a complaint tolls the statute of limitations, if service is not made upon the defendant within 120 days as required by M.R.C.P. 4(h), the limitations period resumes running at the end of the 120 days.'" *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 839 (Miss. 2010) (quoting *Owens v. Mai*, 891 So.2d 220, 223 (Miss. 2005)). Although the statute of limitations begins to run again, "the complaint itself is not automatically dismissed." *Triplett v. Southern Hens, Inc.*, No. 2016-CA-01157-SCT, 2018 WL 1323532, at *3 (Miss. Mar. 15, 2018).

Fells filed his August 2016 state court complaint one day before the limitation period expired. The Circuit Court record shows that summonses were issued shortly after the case was filed, and thereafter the plaintiffs requested an extension of time to serve process. The motion does not appear to have been granted, as there are no other entries in the Circuit Court's docket. Under these circumstances, there is no tolling by virtue of Fells' 2016 complaint beyond the 120 days allowed for service of process. The limitations period therefore was extended by 120 days and expired December 12, 2016. The malicious prosecution claim

included in this lawsuit, filed in February 2017, was untimely. It will be dismissed for that reason.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendants' [9] Motion to Dismiss or for Summary Judgment is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 56.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's claims against John and Jane Does 1-10 are **DISMISSED WITHOUT PREJUDICE**, because the deadline for naming these parties has expired. The Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE